THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

UNITED STATES OF AMERICA     :
                                :    CRIMINAL ACTION
v.                                :    NO. 1:10-CR-524-ODE-RGV
                                :
THOMAS REPKE                 :

## <u>ORDER FOR SERVICE OF FINAL REPORT, RECOMMENDATION, AND ORDER</u>

Attached is the Final Report, Recommendation, and Order of the United States Magistrate Judge made in accordance with 28 U.S.C. § 636(b)(1) and N.D. Ga. Cr. R. 58.1(A)(3)(a) and (b).  Let the same be filed and a copy, with a copy of this Order, be served upon counsel for the parties.

Pursuant to 28 U.S.C. § 636(b)(1), each party may file written objections, if any, to the Report and Recommendation within fourteen (14) days of receipt of this Order.  Should objections be filed, they shall specify with particularity the alleged error(s) made (including reference by page number to the transcript if applicable) and shall be served upon the opposing party.  The party filing objections will be responsible for obtaining and filing the transcript of any evidentiary hearing for review by the District Court.  If no objections are filed, the Report and Recommendation may be adopted as the opinion and order of the District Court and any appellate review of factual findings will be limited to a plain error review.  <u>United States v. Slay</u>, 714 F.2d 1093, 1095 (11th Cir. 1983) (per curiam).

Pursuant to Title 18, U.S.C. § 3161(h)(1)(F), **the above-referenced fourteen (14) days allowed for filing objections is EXCLUDED from the computation of time under the Speedy Trial Act, whether or not objections are actually filed.**   The Clerk is **DIRECTED** to submit the Report and Recommendation with objections, if any, to the District Court after expiration of the above time period.

**IT IS SO ORDERED** and **DIRECTED**, this 11th day of March, 2011.

_Russell G. Vineyard_
RUSSELL G. VINEYARD
UNITED STATES MAGISTRATE JUDGE

2

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

UNITED STATES OF AMERICA       :
                               :     CRIMINAL ACTION
v.                             :     NO. 1:10-CR-524-ODE-RGV
                               :
THOMAS REPKE                   :

## <u>MAGISTRATE JUDGE'S FINAL REPORT,</u> <u>RECOMMENDATION, AND ORDER</u>

Before the Court are defendant Thomas Repke's ("Repke") motions for a bill of particulars and to sever, [Docs. 22 & 23], which the government opposes, [Docs. 32 & 33]. For the following reasons, Repke's motion for bill of particulars, [Doc. 22], is hereby **DENIED**, and it is **RECOMMENDED** that Repke's motion to sever, [Doc. 23], be **DENIED**.

## I. INTRODUCTION

On December 16, 2010, the grand jury returned a twenty-two count indictment against Repke and co-defendant James Jeffrey ("Jeffrey"), collectively referred to as "defendants." [Doc. 1]. Count One charges defendants with conspiracy to commit wire fraud and mail fraud in violation of 18 U.S.C. § 1349. [<u>Id.</u> at 1-2]. Counts Two through Seventeen charge defendants with wire fraud in violation of 18 U.S.C. §§ 1343 and 2, and Counts Eighteen through Twenty-Two charge them with mail fraud in violation of 18 U.S.C. §§ 1341 and 2. [<u>Id.</u> at 7-10]. The indictment also includes a forfeiture provision. [<u>Id.</u> at 11-12].

According to the indictment, from January 2006 through at least December of 2007, defendants ran a series of investment funds named Coadum Capital Fund I, Coadum Capital Fund II, Coadum Capital Fund III (collectively referred to as "Coadum"), and Mansell Acquisition Company ("Mansell"), in which individual investors purchased limited partnership interests. [Id. at 2]. The indictment alleges that defendants advertised average monthly returns of approximately 5 percent in the Coadum and Mansell funds, and that they raised more than $30 million from over 100 individuals in the United States and Canada. [Id.]. The indictment further alleges that investors were provided with Private Placement Memoranda that advised them that the investment funds "'generally invest[] in marketable and highly liquid securities, although we may also invest up to ten percent (10%) of our capital . . . in privately placed securities and other investments that are illiquid.'" [Id. at 2-3 (alterations in original)].

The indictment alleges that defendants solicited investors through sales representatives, the most successful of which, Sales Representative A, was designated as Coadum's Vice-President of Marketing and paid over $1 million in commissions. [Id. at 3]. According to the indictment, defendants, directly and indirectly through their sales representatives, made false statements to investors and prospective investors in the Coadum and Mansell funds regarding the nature and

2

safety of the investments and the individuals' account balances in order to induce the investors to invest and to maintain their investments in these funds.  [Id. at 3-4]. For example, investors allegedly were repeatedly given false assurances that their funds remained protected in an escrow account and were therefore never at risk when in fact they were not protected and were only held in an escrow account for a brief period of time.  [Id. at 4-5].  Rather, the major "investments" that Coadum made were a series of private investments, including nearly $20 million of investor funds, in supposed overseas ventures in Bermuda, Malta, and Switzerland, all allegedly operated by Trader A.  [Id. at 5].

According to the indictment, neither defendants nor the investors had any control over or rights to the foreign accounts operated by Trader A, and as the charged time period progressed, defendants were increasingly unable to get basic information concerning the investments from Trader A, including how the funds were invested, what returns were being generated, if any, and when distributions would be sent back to the U.S. accounts.  [Id. at 5-6].  The defendants, however, continued to send statements to Coadum investors, assuring them that their investments "were earning specific monthly gains, and that the balance remained invested in a 'principal preserved' 'escrow' account."  [Id. at 6].  Based on these representations, "[m]any investors rolled-over, or maintained, their investments,

and indeed invested more money." [Id.].  The indictment further alleges that the defendants made Coadum appear as a legitimate, profitable fund by meeting investor demands for withdrawals or distributions with funds invested by other, typically newer, investors.  [Id. at 6-7].  Finally, the indictment alleges that most of the funds transferred overseas to Trader A, approximately $30 million from over 100 investors, have been lost.  [Id. at 7].

## II.  DISCUSSION

**A.**      **Motion for Bill of Particulars, [Doc. 22]**

Repke has moved for a bill of particulars regarding the conspiracy charged in Count One of the indictment.  [Doc. 22].  Specifically, Repke seeks: (1) the identity of all known, unnamed co-conspirators, aiders, and abettors; (2) details regarding the acts that were committed by him as opposed to the other alleged participants; and (3) the identity of all investors referenced in Counts Two through Twenty-Two. [Id. at 3 ¶ 6].  In its response, the government has agreed to provide Repke with information responsive to the first and third requests, rendering those requests moot.  [Doc. 32 at 4].  Thus, the only remaining issue is Repke's second request, seeking particulars concerning the acts he committed as opposed to those committed by the other alleged participants.

Rule 7(f) of the Federal Rules of Criminal Procedure provides that the Court "may direct the government to file a bill of particulars." Fed. R. Crim. P. 7(f). "The purpose of a true bill of particulars is threefold: 'to inform the defendant of the charge against him with sufficient precision to allow him to prepare his defense, to minimize surprise at trial, and to enable him to plead double jeopardy in the event of a later prosecution for the same offense.'" United States v. Reddy, Criminal Action File No. 1:09-CR-0483-ODE/AJB, 2010 WL 3210842, at *5 (N.D. Ga. Apr. 5, 2010), adopted as modified by 2010 WL 3211029, at *1 (N.D. Ga. Aug. 11, 2010) (quoting United States v. Cole, 755 F.2d 748, 760 (11th Cir. 1985)). See also United States v. Colson, 662 F.2d 1389, 1391 (11th Cir. 1981); United States v. Zellner, Criminal Indictment No. 1:09-CR-320-TCB-GGB, 2011 WL 530718, at *9 (N.D. Ga. Jan. 14, 2011), adopted by United States v. Chester, Criminal Action File No. 1:09-cr-320-TCB-GGB, 2011 WL 529952, at *1 (N.D. Ga. Feb. 4, 2011). Generalized discovery is not a valid reason for seeking a bill of particulars, Colson, 662 F.2d at 1391; United States v. Davis, 582 F.2d 947, 951 (5th Cir. 1978),[1] and "[a] bill of particulars may not be used for the purpose of obtaining detailed disclosure of the government's case or evidence in advance of trial," Zellner, 2011 WL 530718, at *9

---

[1] Decisions of the Fifth Circuit rendered before October 1, 1981, are binding precedent of the Eleventh Circuit. Bonner v. City of Prichard, Ala., 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

5

(citation omitted).  Further, a defendant is not entitled to a bill of particulars describing information which is already evident from other sources, such as elsewhere in the indictment or in discovery.  <u>United States v. Rosenthal</u>, 793 F.2d 1214, 1227 (11th Cir. 1986), <u>modified on other grounds by</u>, 801 F.2d 378 (11th Cir. 1986).  <u>See also</u> <u>Reddy</u>, 2010 WL 3210842, at *5.

"A bill of particulars may not be used to compel the government to provide the essential facts regarding the existence and formation of a conspiracy." <u>Rosenthal</u>, 793 F.2d at 1227.  A bill of particulars cannot be used to ferret out additional overt acts not listed in the indictment, as long as the indictment alleges the required number of overt acts under the statute being charged.  <u>See</u> <u>id.</u>; <u>Colson</u>, 662 F.2d at 1391; <u>United States v. Kilrain</u>, 566 F.2d 979, 985 (5th Cir. 1978); <u>United States v. Green</u>, No. 1:08-CR-41-SPM/AK-2, 2009 WL 2589107, at *1 (N.D. Fla. Aug. 17, 2009).  "As applied to a charge of conspiracy, . . . the view virtually universally held is that the defendant is not entitled to particulars regarding the formation of the conspiracy; [the] exact time and place of overt acts and the names and addresses of persons present; the details concerning how and when the conspiracy was formed or when each participant entered the conspiracy."  <u>United States v. Upton</u>, 856 F. Supp. 727, 753 (E.D.N.Y. 1994).  <u>See also</u> <u>United States v. Leiva-Portillo</u>, No. 1:06-CR-350-WSD, 2007 WL 1706351, at *15 (N.D. Ga. June 12, 2007), adopted at *1

("Case law is . . . clear that the [g]overnment is not required to identify the exact dates or details of when a defendant or any conspirator joined or withdrew from a charged conspiracy, . . ., or specific acts or overt acts done in furtherance of a charged conspiracy by particular defendants.") (citations omitted).

The information sought by Repke regarding details of his alleged conduct in the conspiracy is beyond the proper scope of a bill of particulars.  See United States v. Sherriff, 546 F.2d 604, 606 (5th Cir. 1977) ("The purpose [of a bill of particulars] is not to provide detailed disclosure before trial of the Government's evidence."); Green, 2009 WL 2589107, at *1; United States v. White, 50 F.R.D. 70, 71-72 (N.D. Ga. 1970).  See also United States v. Musick, 291 Fed. App. 706, 724-25 (6th Cir. 2008) (unpublished) ("A defendant is not entitled to a bill of particulars if the purpose of the bill is . . . to discover all of the overt acts that might be proven at trial." (citations omitted)); United States v. Griesbeck, No. 10-20108-BC, 2011 WL 528579, at *4 (E.D. Mich. Feb. 8, 2011) (defendant not entitled to information regarding the "precise nature, character and circumstances of any words uttered or acts engaged in" by him); United States v. Payne, No. 1:09-00009, 2010 WL 3081952, at *3 (M.D. Tenn. Aug. 6, 2010) (finding defendant not entitled to a list of the overt acts that the government alleges he committed in furtherance of the conspiracy); United States v. Henry, 861 F. Supp. 1190, 1197 (S.D.N.Y. 1994) (requests to know the "whens,"

"wheres," and "with whoms" of acts in conspiracy are routinely denied).  Repke has

failed to specify how the detailed information requested is necessary to enable him

to prepare his defense, avoid surprise, or plead double jeopardy in a subsequent

proceeding.  See United States v. Gorel, 622 F.2d 100, 104 (5th Cir. 1979); United

States v. Blitch, Criminal Action No. 5:08-CR-40(HL), 2009 WL 973359, at *5-6 (M.D.

Ga. Apr. 9, 2009).  Accordingly, Repke's motion for a bill of particulars, [Doc. 22], is

hereby **DENIED**.

**B.    Motion to Sever, [Doc. 23]**

Pursuant to Rules 8 and 14 of the Federal Rules of Criminal Procedure, Repke

seeks a separate trial from his co-defendant, primarily arguing that his co-

defendant's statements implicating him requires severance.  [Doc. 23 at 1-2].  Repke

also argues that severance is warranted because his co-defendant may raise defenses

which are antagonistic to his defense and because a joint trial in this case would be

unfair due to the danger of guilt transference or the spill over effect.  [Id. at 2, 4-5].

"When multiple defendants are indicted, joined offenses must be reviewed

initially under the standard set forth under Fed.R.Crim.P. 8(b)."  United States v.

Jones, No. CR 109-073, 2009 WL 2920894, at *1 (S.D. Ga. Sept. 11, 2009) (citations

omitted).  "Once Rule 8(b) has been satisfied by the allegations in the indictment,

severance is governed entirely by Fed.R.Crim.P. 14, which recognizes that even

8

proper joinder under Rule 8(b) may prejudice a defendant or the government." Id. at *2 (citing United States v. Lane, 474 U.S. 438, 447 (1986)).  See also United States v. Hersh, 297 F.3d 1233, 1241 (11th Cir. 2002).  After consideration of the pleadings, the Court finds that joinder of the defendants in the indictment was proper under Rule 8, and severance is not merited under Rule 14 on the present record.

      **1.**    *Joinder is proper under Rule 8*

"Joinder of parties and defendants under Rule 8 is designed to promote judicial economy and efficiency."  United States v. Weaver, 905 F.2d 1466, 1476 (11th Cir. 1990).  "Rule 8 'is broadly construed in favor of the initial joinder.'"  Id. (citation omitted).  See also Zafiro v. United States, 506 U.S. 534, 537 (1993) ("There is a preference in the federal system for joint trials of defendants who are indicted together.");  Hersh, 297 F.3d at 1241;  United States v. Touchet, No. 3:07-cr-90-J-33HTS, 2008 WL 2025322, at *7 (M.D. Fla. May 9, 2008); United States v. Cameron, No. 06-20753-CR, 2007 WL 1696022, at *3 (S.D. Fla. June 12, 2007), adopted at *1 (quoting United States v. Dominguez, 226 F.3d 1235, 1238 (11th Cir. 2000)).  Indeed, Rule 8(b) "permits the joinder of [d]efendants in the same indictment if they are alleged to have participated in the same act or transaction, and the general rule is that [d]efendants indicted together should be tried together, especially in

9

conspiracy cases." <u>United States v. Chavez</u>, 584 F.3d 1354, 1359-60 (11th Cir. 2009) (internal marks and citations omitted).

Rule 8(b) provides that an "indictment . . . may charge 2 or more defendants if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses." Fed. R. Crim. P. 8(b). It further provides that the "defendants may be charged in one or more counts together or separately," but that "[a]ll defendants need not be charged in each count." <u>Id.</u> "[I]n order to establish that the [codefendants] have engaged in the 'same series of acts or transactions' under Rule 8(b) the government must demonstrate that the acts alleged are united by some substantial identity of facts and/or participants." <u>United States v. Morales</u>, 868 F.2d 1562, 1569 (11th Cir. 1989). "Where the defendants' acts are part of a series of acts or transactions, it is not necessary that each defendant be charged in each count, nor to show that each defendant participated in every act or transaction in the series." <u>United States v. Gee</u>, Criminal No. 3:07cr211, 2009 WL 412964, at *4 (W.D.N.C. Feb. 18, 2009) (internal marks and citation omitted).

Repke does not specifically argue that joinder under Rule 8(b) is improper in this case, and the Court finds that the offenses are properly joined because the offenses charged in the indictment involve the same series of acts or transactions

10

pursuant to a common scheme, they share common defendants alleged to have jointly committed the acts or transactions, and proof of the offenses will include testimony from some of the same witnesses. <u>See</u> <u>United States v. Brooks</u>, 270 Fed. App. 847, 849 (11th Cir. 2008) (per curiam) (unpublished) (finding district court properly denied defendants' motions to sever where they were jointly indicted for the same conspiracy); <u>Jones</u>, 2009 WL 2920894, at *1 (joinder of defendants proper where defendants alleged to have participated in the same series of acts or transactions); <u>United States v. Bujduveanu</u>, No. 08-20612-CR, 2008 WL 4558696, at *1 (S.D. Fla. Oct. 10, 2008) (finding joinder under Rule 8(b) proper where defendants were jointly charged in the indictment of a single conspiracy). <u>See also</u> <u>United States v. Gravatt</u>, 280 F.3d 1189, 1191 (8th Cir. 2002). Accordingly, the Court finds that joinder under Rule 8(b) was proper.

**2.** *Severance is not warranted under Rule 14*

Although joinder is appropriate under Rule 8, the Court still has discretion under Rule 14(a) of the Federal Rules of Criminal Procedure to sever the offenses and order separate trials if it appears that consolidation of the charges would prejudice Repke. Fed. R. Crim. P. 14(a); <u>United States v. Kopituk</u>, 690 F.2d 1289, 1314-15 (11th Cir. 1982). "In deciding a motion for severance, the Court must balance the right of a defendant to a fair trial against the public's interest in efficient

11

and economic administration of justice." <u>United States v. Denmark</u>, No. 205CR71FTM33DNF, 2005 WL 2755987, at *2 (M.D. Fla. Oct. 25, 2005) (citation and internal marks omitted). "More specifically, the Eleventh Circuit has interpreted Rule 14 to require a [d]efendant seeking severance to demonstrate specific and compelling prejudice arising from a joint trial." <u>Id.</u> (citing <u>United States v. Leavitt</u>, 878 F.2d 1329, 1340 (11th Cir. 1989)). Repke has not done so here.

As a basis for severance, Repke argues that his co-defendant "may raise defenses which are antagonistic to him." [Doc. 23 at 2 ¶ 3]. The Eleventh Circuit, however, has noted "that severance is rarely granted, even where the defendants rely upon mutually antagonistic defenses." <u>United States v. Nelms</u>, No. 3:09-CR-106-LSC, 2009 WL 4666868, at *4 (M.D. Ala. Dec. 2, 2009), adopted at *1 (citing <u>Chavez</u>, 584 F.3d at 1360). That is, "[e]ven in cases where co-defendants have mutually exclusive defenses, a severance is rarely the remedy." <u>Id.</u> (citation omitted). "Because joint participants in a scheme often will point the finger at each other to deflect guilt from themselves or will attempt to lessen the importance of their role, a certain amount of conflict among defendants is inherent in most multi-defendant trials." <u>United States v. Bane</u>, No. 8:09-cr-352-T-33MAP, 2010 WL 882913, at *2 (M.D. Fla. Mar. 5, 2010) (internal marks and citation omitted). Therefore, "[i]n order to justify severance . . . joined defendants must show that the

12

conflict is of such magnitude that the jury will unjustifiably infer that this conflict alone demonstrates that both are guilty." Id. (internal marks and citation omitted). See also United States v. Knowles, 66 F.3d 1146, 1159 (11th Cir. 1995). Indeed, "[t]he touchstone is whether a joint trial will result in prejudice that cannot be alleviated by any other means." Green, 2009 WL 2589107, at *2 (citation omitted).

Repke has failed to specify the nature of his defense, the defense of his co-defendant, how these defenses conflict, or how he would be prejudiced from a joint trial. "Thus, severance on the basis of antagonistic defenses is not warranted." Bane, 2010 WL 882913, at *3. See also Zellner, 2011 WL 530718, at *9 (rejecting defendant's antagonistic defense argument where he presented no evidence of antagonistic defenses). "However, should mutually exclusive defenses develop at trial, 'the best solution in such situations is not severance, but for the trial judge to issue proper limiting instructions.'" Bane, 2010 WL 882913, at *3 (quoting United States v. Blankenship, 382 F.3d 1110, 1125 n.27 (11th Cir. 2004)).

Repke also suggests that severance is warranted due to the possibility of guilt transference, resulting from evidence that may be produced at trial against the co-defendant that is unrelated to his alleged conduct. [Doc. 23 at 4-5]. While a defendant "can show compelling prejudice by demonstrating that the jury would not be able to separate the evidence relevant to each count, . . . instructions to the

13

jury which require the jury to consider the evidence separately as to each . . . count have been held to be adequate safeguards against prejudice due to joinder." Denmark, 2005 WL 2755987, at *2-3 (citing Kopituk, 690 F.2d at 1320).  Furthermore, "severance is not required if some evidence is admissible against some defendants and not others and a defendant is not entitled to severance because the proof is greater against a co-defendant."  United States v. Jones, No. 1:06-CR-140, 2007 WL 712420, at *4 (E.D. Tenn. Mar. 6, 2007) (internal marks and citations omitted).  See also United States v. Locascio, 6 F.3d 924, 947 (2d Cir. 1993) ("[J]oint trials involving defendants who are only marginally involved alongside those heavily involved are constitutionally permissible.").  Therefore, this claim is without merit.

Finally, Repke argues that his Sixth Amendment right to cross-examine adverse witnesses would be violated if he is tried with his co-defendant.  [Doc. 22 at 1, 5-6].  "In *Bruton v. United States*, the Supreme Court held that a defendant's Confrontation Clause rights might be violated if, in a joint trial, a codefendant's statement or confession is admitted into evidence against the co-defendant, but the codefendant does not take the stand to permit the defendant's cross-examination." Jones, 2007 WL 712420, at *3 (citing Bruton, 391 U.S. 123 (1968)).  However, "[t]he Supreme Court has narrowed the *Bruton* rule, holding there is no Confrontation Clause violation if a non-testifying co-defendant's statement or confession is

14

admitted, with a proper limiting instruction, if such confession is redacted to eliminate any reference to the 'existence' of the defendant." Id. (citing Richardson v. Marsh, 481 U.S. 200, 211 (1987)).

Severance, therefore, "might be appropriate if the Government intends to introduce into evidence a codefendant . . . statement, if such statement expressly implicates [d]efendant and if such co-defendant does not take the stand to permit cross-examination." Id. However, "redacting a statement or confession and appropriately instructing the jury can avoid possible prejudice and obviate the need for a separate trial." Id. (citing Zafiro, 506 U.S. at 539).

In the present case, Repke states that "codefendants have given statements to law enforcement officers, regarding their participation in the above-named offenses." [Doc. 23 at 1 ¶ 2]. As the government points out, however, Repke is aware of the substance of those statements, [Doc. 33 at 5], and he has not "identified any particular statements that allegedly implicate [him], which were given to law enforcement by a co-defendant," United States v. Wilson, No. 10-60102-CR, 2010 WL 2609429, at *8 (S.D. Fla. June 5, 2010), adopted by 2010 WL 2612341, at *1 (S.D. Fla. June 25, 2010). Furthermore, while the co-defendant also provided a proffer to the Federal Bureau of Investigation during the course of the investigation, the government states that it does not anticipate introducing this proffer "as substantive

evidence against the [c]o-defendant in [its] case-in-chief" as it was provided under a limited use immunity agreement. [Doc. 33 at 5]. Therefore, Repke "has not carried his burden of demonstrating a problem under <u>Bruton</u>," and "severance on this basis is not supported by the existing record." <u>Wilson</u>, 2010 WL 2609429, at *8. Accordingly, the Court finds that Repke has failed to establish compelling prejudice such that the Court should exercise its discretion and sever his trial from the trial of his co-defendant. Thus, it is **RECOMMENDED** that Repke's motion to sever, [Doc. 23], be **DENIED**.

### III.   <u>CONCLUSION</u>

For the foregoing reasons and cited authority, Repke's motion for bill of particulars, [Doc. 22], is hereby **DENIED**, and it is **RECOMMENDED** that his motion to sever, [Doc. 23], also be **DENIED**.

There are no other matters pending before the Magistrate Judge, and the undersigned is aware of no problems relating to the scheduling of this case. **IT IS THEREFORE ORDERED** and **ADJUDGED** that this action be and the same is hereby, certified Ready for Trial as to all defendants.

**IT IS SO ORDERED** and **RECOMMENDED**, this 11th day of March, 2011.

<u>Russell G. Vineyard</u>
RUSSELL G. VINEYARD
UNITED STATES MAGISTRATE JUDGE

16